WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Burke Anderson,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-13-00336-TUC-CRP<br><br>**ORDER** |

    On September 30, 2014, the Court filed an Order remanding this case to the Commissioner for further proceedings. (Doc. 32, Order).  Plaintiff through counsel has filed a Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (28 U.S.C. § 2412(d)) (Doc. 36, EAJA Motion) and Memorandum in Support (Doc. 37).  Defendant has filed an Objection to Plaintiff's Motion for Attorney Fees (Doc. 38, Objection), and Plaintiff has filed an EAJA Reply Brief (Doc. 39, EAJA Reply).  Plaintiff's attorney also has filed a Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 40, § 406(b) Motion) and Brief in Support (Doc. 41), and Defendant has filed a Response (Doc. 42).  This case is before the Magistrate Judge based on the parties' consent.  (Doc. 23).

**I.    Plaintiff's Motion for Attorney's Fees Under the EAJA**

    In the EAJA Motion, Plaintiff seeks $6,223.43 in attorney's fees. (EAJA Motion at 1).  Plaintiff has submitted the affidavits of the three attorneys who worked on the case and

itemized statements showing the attorneys' time on the case as 33.2 hours. (Doc. 37 at 7-8 & Ex. B, C & D). In the EAJA Reply, Plaintiff makes a supplemental request for $760.24 regarding four hours of additional attorney time for preparing the EAJA Reply, resulting in a cumulative total request of $6,983.67. (EAJA Reply at 10-11).

Defendant contends in the Objection that the Commissioner's decision was substantially justified. Defendant asserts that, if the Court awards attorney fees, any award should be made payable to Plaintiff rather than to Plaintiff's counsel based on *Astrue v. Ratliff*, 560 U.S. 586 (2010), subject to offset under the Treasury Offset Program.

**Whether Plaintiff is Entitled to an Award of Attorney's Fees**

The EAJA provides that a prevailing party in a civil suit against the federal government shall be awarded attorney's fees unless the court finds that the government's position was substantially justified or that special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). Defendant does not dispute Plaintiff's prevailing party status or contend that special circumstances make the award unjust. Defendant contends that the government's position was substantially justified.

To meet the "substantially justified" standard under the EAJA, "the government must advance a position that is 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008) (quoting *United States v. Marolf*, 277 F.3d 1156, 1161 (9th Cir. 2002)). "[T]he government's position must have a reasonable basis in law and fact" and "be substantially justified at each stage of the proceedings." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). The court's inquiry is limited to the issues that led to remand. *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010). The Commissioner has the burden to show that its position was substantially justified or that special circumstances exist to make an award unjust. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). Defendant contends her position was substantially justified, that is, reasonable in law and fact, even though the Court found that remand was necessary.

- 2 -

1      When deciding the merits, the Court found that the opinion expressed by Plaintiff's treating physiatrist Jon Ostrowski, M.D., had been improperly discounted by the Administrative Law Judge ("ALJ").  Dr. Ostrowski had opined that Plaintiff could not continue working as a dentist due to degenerative arthritis, degenerative disc disease, and chronic neck problems. (Order at 5).  The ALJ instead credited the findings of non-examining state agency Doctors Kurtin and Falhberg who found that Plaintiff was not precluded from performing a significant range of light work. (*Id*.).  In the present Objection, Defendant agues that the ALJ reasonably contrasted the limitations expressed by Dr. Ostrowski with those of Doctors Kurtin and Falhberg. (Objection at 5-7).  The Court found, however, that Defendant cited no authority in arguing that the ALJ only needed to acknowledge that Dr. Ostrowski was a treating physician in failing to reference him as a specialist, that the ALJ failed to state specific and legitimate reasons for rejecting Dr. Ostrowski's opinion, and Defendant argued grounds on which the ALJ could have rejected Dr . Ostrowski's opinion but did not.  (Order at 8).  The Court found that Plaintiff had "correctly note[d] [that] it was  neither logical nor reasonable for the ALJ at step four to reject Dr. Ostrowski's specific opinions relevant to the performance of Plaintiff's past work as a dentist on the grounds that the treating physician did not opine that Plaintiff could not perform any activity at all." (Order at 10).  The Court further found as an "unsound analysis" the ALJ's finding that the State agency reviewers determined that the exertional level generally performed by a dentist is light which Plaintiff is not precluded from performing.  "The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).  Finally, the ALJ's comment that Dr. Ostrowski's opinions were inconsistent with Dr. Ostrowski's observation that Plaintiff did not wish to pursue additional pain medication or more aggressive treatment, or that Plaintiff had reported not taking pain medication regularly, was not an appropriate standard for interpreting or rejecting Dr. Ostrowski's opinion as to Plaintiff's existing impairments.  (Order at 10-11).

Defendant argues in her Objection that the ALJ reasonably concluded that Plaintiff's daily activities contradicted his claims of debilitating impairment. (Objection at 8). In determining that remand for further proceedings was appropriate, the Court noted that a reassessment of Dr. Ostrowski's opinion will impact the ALJ's existing credibility finding. (Order at 12). Defendant argues in her Objection that the ALJ properly considered the lay testimony. (Objection at 8-9). However, the Court noted that Defendant "conced[ed] that lay testimony cannot be rejected solely because it is unsupported by the medical evidence." (Order at 15).

The government's defense of "basic and fundamental errors" cannot be considered as substantially justified. *Shafer*, 518 F.3d at 1071–72 (holding, *inter alia,* that it was legal error to discredit claimant's testimony without giving clear and convincing reasons and to reject a treating physician's opinion without providing adequate reasons for doing so, and that the Commissioner was not substantially justified in defending it). Because of the ALJ's several fundamental errors, Defendant's position was not substantially justified.

**Reasonableness of the Attorney Fees Request**

Plaintiff's attorney fees request is based on 33.2 hours of attorney time at the 2013 and 2014 hourly rates that correspond to the rates calculated by the Court of Appeals for the Ninth Circuit. (EAJA Mem. at 7). Defendant has not objected to the hours of attorney time or to the hourly rate. The Court finds that Plaintiff's request for a total cumulative fee award of $6,983.67, which includes the attorney time and fee amount for preparing the EAJA Reply, is reasonable. Plaintiff's Motion for Attorney Fees under the EAJA will be granted.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

1 **Payment of Attorney Fees**

2     Defendant contends that any award of EAJA attorney fees should be paid to Plaintiff
3 rather than to Plaintiff's attorney. (Objection at 10-13). "EAJA fees are payable to litigants
4 and are thus subject to offset where a litigant has outstanding federal debts." *Ratliff*, 560 U.S.
5 at 594. Defendant suggests the following payment procedure:

> 6 If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned his right to EAJA fees to his attorney; (2) determines
> 7 that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (3) agrees to waive the requirements of the Anti-
> 8 Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program,
> 9 the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a
> 10 check made out to Plaintiff but delivered to Plaintiff's attorney.

11 (Objection at 13, n.2). The EAJA fees award in this case is made subject to this procedure.

12 **II.  Plaintiff's Attorney's Motion for Attorney's Fees Under 42 U.S.C. § 406(b)**

13     Plaintiff's counsel seeks $20,000 in attorney's fees for representing Plaintiff on a
14 contingency fee basis. (Doc. 40, § 406(b) Motion). Plaintiff originally was represented by
15 attorney Phillip B. Verrette who filed this civil action and then withdrew. Plaintiff then was
16 represented by attorneys Patrick R. McNamara and Eric Schnaufer on the merits of the
17 litigation. Upon the Court's reversal and remand for a rehearing, Plaintiff was found disabled
18 as of June 2009. Plaintiff's counsel has submitted the Award Notice (Doc. 41-5, Ex. E), the
19 Contract for Attorney Representation (Doc. 41-1, Ex. A), and Attorney Time Records and
20 Affidavits (Doc. 41-2 through 4, Ex. B-D). Defendant has filed a Response stating no
21 position on this request for attorney fees.

22     Plaintiff retained counsel under a contract with a contingency fee agreement in which
23 Plaintiff "agree[d] that my attorney shall charge and receive as the fee an amount equal to
24 twenty-five percent (25%) of the" award of past due benefits. (Doc. 41-1, Ex. A). The
25 contract provided that the attorney fee must be approved by the federal court. (*Id.*). Defendant
26 has withheld $6,000 in attorney's fees from Plaintiff's past-due benefits award, noting that
27 $30,084.73 should have been withheld. (Doc. 41-5, Ex. E, Award Notice).

28

- 5 -

Under 42 U.S.C. § 406(b)(1)(A), when a claimant represented by counsel has received a favorable judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits[.]" The Court "review[s] for reasonableness" the fee yielded by contingency fee agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). The Court may consider the character of the representation, the results achieved, performance, delay, and whether the benefits are in proportion to the time spent on the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

The Social Security Administration determined that Plaintiff was owed $120,338.90 in past due benefits. (Doc. 41 at 8). Twenty-five percent of that amount is $30,084.73. (*Id*.). The Social Security Administration did not withhold that amount.

Plaintiff's attorneys rely on 36.7 hours of service which results in an hourly rate of approximately $544.96 based on the request for $20,000 in attorney fees. (Doc. 41 at 11). The Court has considered counsel's successful representation of Plaintiff, any delay in the proceedings, the contingency fee agreement, and the risk inherent in a contingency fee arrangement.

Plaintiff's counsel did not seek any extensions of time regarding the filing of his legal memorandum in the proceedings before this Court. Plaintiff's counsel asserted issues on the merits which the Court found to be meritorious as previously discussed. The record provides no reason for a reduction in the requested fee award on the basis of the character of counsel's representation, the results achieved, or delay in the proceedings attributable to Plaintiff's counsel.

The record does not suggest any reason to question the propriety of the Contract for Attorney Representation in this case. There is no showing that the fees requested exceed the twenty-five percent cap. The Court is mindful of the contingent-fee nature of this case and the risk imposed on counsel in agreeing to represent Plaintiff under such terms.

The fee sought must be reasonable "for the services rendered." *Gisbrecht*, 535 U.S. at 807. The reviewing court should not allow a "windfall." *Id*. at 808. As noted in *Gisbrecht*, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. "Section 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. (footnote omitted). The district court may reduce a § 406(b) award if "benefits ... are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." *Gisbrecht*, 535 U.S. at 808.

The retroactive benefits award is not large in comparison to the 36.7 hours counsel spent on the case. Plaintiff's counsel states that Mr. McNamara's per hour non-contingent rate is $400. (Doc. 41 at 11, n. 5). Mr. McNamara has more than 30 years of experience. (*Id*.). Mr. Schnaufer has more than 20 years of experience. (*Id*.). The hourly rate for attorneys with 20 to 30 years of experience in the Mountain Region is $440. (*Id*.).

The Court, in its discretion and taking into account counsel's risk involved in the contingency fee arrangement in this case, finds that counsel's fee request is reasonable. Plaintiff's counsel is awarded a total fee amount of $20,000 under § 406(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (Doc. 36) is granted and Plaintiff is awarded $6,983.67 in attorney's fees.

**IT IS FURTHER ORDERED** that if, after receiving the Court's EAJA fees order, the Commissioner (1) determines that Plaintiff has assigned his right to EAJA fees to his attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (3) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed

under the Treasury Offset Program, the remaining EAJA fees after offset shall be paid by check made out to Plaintiff but delivered to Plaintiff's attorney.

**IT IS FURTHER ORDERED** that Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 40) is granted to the extent that counsel is awarded $20,000 in attorney's fees.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.

DATED this 3rd day of November, 2016.

*/s/ Charles R. Pyle*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE